B. P. Davenport, of Stamford, for plaintiff in error.

Frank Judkins, of Eastland, for defendant in error.

LESLIE, Justice.

This suit was filed by R. L. Meyers against the Central West Texas Insurance Association, a corporation, to recover on a policy of insurance issued in his favor by the defendant. The defendant answered by general and special denials. The trial was before the court without a jury, and at the con-

## FIDELITY SAVINGS & TRUST CO. v. GRICE et al.

### No. 12859.

Court of Civil Appeals of Texas. Fort Worth.

June 17, 1933.

Rehearing Denied July 15, 1933.

Goggans & Ritchie and R. A. Ritchie, all of Dallas, for appellant.

Joe S. Gambill and Robert H. Hopkins, both of Denton, for appellees.

LATTIMORE, Justice.

On January 1, 1929, Dr. Grice was the owner of a farm. In that month it was sold under a mortgage foreclosure and purchased by appellant.

In July, 1929, Mrs. Grice contracted to purchase that farm under terms shown in a letter from appellant, excerpts as follows:

"Mrs. Grice is to pay us now $600.00, and wishes to defer the closing of the sale until November 1, 1929.

"As I see it, there are two ways of closing the trade: Our cost on July 10, 1929, was $11,602.57. To this amount should be added 6% on the above amount from July 10, to November 1, making our claim on November 1st, $11,815.29. This makes a cash payment of $1815.29. The balance of the purchase price, or $10,000.00, to be evidenced by fifteen (15) notes, payable in 1 to 15 years, on or before, bearing 6% interest.

"We can go ahead and close the sale now, have the papers executed and the balance of the cash payment to be made on November 1st, when the deed will be turned over to Mrs. Grice; or, if you prefer, we can get up a contract stating the terms of the sale, etc., and then close the trade on November 1st, when the balance of the cash payment is made. * * *

"As I understand it, the property is to be purchased by Mrs. Grice out of her own separate estate. * * *

"Please let us hear from you by return mail, sending us a draft for $600.00 when we will prepare papers on one of the plans above set out.

"Yours very truly,
"[Signed] Chas L. Kribs
"Manager."

On October 26, 1929, appellant wrote the following:

"Referring to the sale of the above real estate to Mrs. Ada Grice, you will recollect that the sale is to be closed on November 1st.

"We are enclosing herewith 15 notes of $665.00 each which are to be executed by you and your wife Mrs. Ada L. Grice.

"We are also enclosing Trust Deed securing the notes which is also to be executed by you and Mrs. Ada L. Grice, and properly acknowledged before a notary.

"As you know, the sale price is $11,815.29. The cash payment to be made is $1840.29. You have paid $600.00 which would leave a balance due of $1240.29. Please execute the papers at once and return to us with draft for $1240.29, same being the balance of the cash payment.

"The 1929 taxes, including Special School Tax amounts to $212.30. You will also send us draft for that amount when we will pay the taxes.

"Upon return of the executed papers together with draft for the above amount, we will forward deed which we have in this office.

"We will be glad to close the trade on November 1st, as our claim was figured up to that date.

"Yours very truly,

"Manager."

This was the first mention made of the payment of the taxes as prerequisite to delivery of the deed. Mrs. Grice paid $240 more prior to November 1, 1929. On December 12, 1929, Dr. Grice for his wife wrote:

"Dear Mr. Kribbs: I am enclosing my to cover balance due on Denton Co farm (J. J. Parish).

"I very much appreciate your goodness in handling this deal.

"I will take care of 1929 taxes and give you notice.

"Thanking you.

"Very truly yours
[Signed] Thos. W. Grice."

And again on May 12, 1930:

"Dear Mr. Kribbs: I am sorry I have been delayed in getting the taxes on the Denton Co. farm. * * *

"I will be able to take care of taxes during harvest or earlier."

The notes and deed of trust were delivered on November 1, 1929, and the first note coming due November, 1930, and being unpaid, appellant advertised the land for sale under the deed of trust.

Appellee brought suit to rescind, alleging the nondelivery of the deed and for injunction restraining the sale. Judgment was for her without a jury trial. The appellant's contention was that it was not bound to deliver a deed and would not until the 1929 taxes were paid.

Mrs. Grice was not liable for the taxes by assessment. The contract of July did not specify any payment of the taxes, and the construction of its language bound appellant to deliver her a deed to the land.

We are not agreed on whether or not the transactions of October, November, and December constituted a new contract. If not, then there was no consideration to her for the promise in her agent husband's let-

ter to pay the taxes, and such agreement nudum pactum is not binding upon her.

■ If such was a valid agreement supported by consideration in the extension of time for the payment of the $1,000 balance of the cash payment, then such was a defense in confession and avoidance of the allegation of appellee that appellant was in default of its contract of sale, and the burden of pleading same was on appellant. It was not referred to in any way by the pleadings of either party.

■ On the evidence under the pleadings, appellant was in default by such nondelivery of the deed, and such default gave the appellee the right to rescind. Black on Rescission & Cancellation, vol. 1, § 202. The appellant could not, under such circumstances, seek to foreclose under claim it had sold the property to appellee and at the same time admit it had not completed such sale.

Affirmed.